**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

United States of America ex rel. )

JOKNNIE PLUMMER K-65650 )
(Full name and prison number)
(Include name under which convicted)

PETITIONER )

12 C 8305
Judge Harry D. Leinenweber
Magistrate Judge Jeffrey Cole

vs. )

MICKAEl ATCHINSON )
(Warden, Superintendent, or authorized )
person having custody of petitioner)

RESPONDENT, and )

**(Fill in the following blank only if judgment )
attacked imposes a sentence to commence )
in the future)** )

ATTORNEY GENERAL OF THE STATE OF ) Case Number of State Court Conviction:

92 CR 2023601

(State where judgment entered) )

### PETITION FOR WRIT OF HABEAS CORPUS – PERSON IN STATE CUSTODY

1. Name and location of court where conviction entered: CIRCUIT COURT OF COOK COUNTY, ILLINOIS, 2650 S. CALIFORNIA AVE, CHICAGO, Ill 60608

2. Date of judgment of conviction: February 8, 1998   SENTENCED MARCH 3, 1998

3. Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)
FIRST DEGREE MURDER, Attempt ARMED Robbery

4. Sentence(s) imposed: NATURAL LIFE Plus 5 YEARS.

5. What was your plea? (Check one)     (A) Not guilty     ( X )
                                        (B) Guilty         (   )
                                        (C) Nolo contendere ( )

If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:

N/A

Revised: 7/20/05

**PART I – TRIAL AND DIRECT REVIEW**

1. Kind of trial: (Check one):    Jury (X)       Judge only ( )

2. Did you testify at trial?    YES ( )       NO    (X)

3. Did you appeal from the conviction or the sentence imposed? YES (X)  NO ( )

   (A) If you appealed, give the

   (1) Name of court: Appellate Court 07 Illinois 1st Dist.

   (2) Result: Affirmed Conviction

   (3) Date of ruling: December 26, 2000

   (4) Issues raised: 1. Was not proven guilty; 2. Trial Court's preclusion 07 cross-examining a witness mental health. 3. Admission 07 evidence 07 other crimes.

   (B) If you did not appeal, explain briefly why not: N/A

4. Did you appeal, or seek leave to appeal, to the highest state court?  YES ( )       NO (X)

   (A) If yes, give the

   (1) Result: NA

   (2) Date of ruling: N/A

   (3) Issues raised: N/A

   (B) If no, why not: My lawyer never told

5. Did you petition the United States Supreme Court for a writ of *certiorari*?  Yes ( )  No (X)
   If yes, give (A) date of petition: N/A     (B) date *certiorari* was denied: N/A

2

Revised: 7/20/05

Jul 11, 2012   0:41 PM

**PART II – COLLATERAL PROCEEDINGS**

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

   YES (X) NO ( )

   With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

   A. Name of court: Circuit Court of Cook County

   B. Date of filing: November 14, 2000

   C. Issues raised: STATE CONVICTION brought About by METHODS THAT Offend A sense of Justice; INEffECTIVE ASSISTANCE Of TRIAl & AppellATe Counsel;

   D. Did you receive an evidentiary hearing on your petition?   YES (X) NO ( )

   E. What was the court's ruling? POST-CONVICTION RelieF Denied

   F. Date of court's ruling: August 26, 2009

   G. Did you appeal from the ruling on your petition?   YES (X) NO ( )

   H. (a)   If yes, (1) what was the result? Affirmed Judgment of Circuit Court

               (2) date of decision: December 12, 2011

       (b)   If no, explain briefly why not: N/A

   I. Did you appeal, or seek leave to appeal this decision to the highest state court?

   YES (X) NO ( )

       (a)   If yes, (1) what was the result? Denied

               (2) date of decision: 3·3·12

       (b)   If no, explain briefly why not: N/A

3

Revised: 7/20/05

Jul 11,2012   0:41 PM

2. With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?     YES (X)          NO ( )

    A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

| | | |
|---|---|---|
| 1. | Nature of proceeding | HABEAS CORPUS |
| 2. | Date petition filed | June 19, 2003 |
| 3. | Ruling on the petition | Denied |
| 4. | Date of ruling | JANUARY 16, 2004 |
| 5. | If you appealed, what was the ruling on appeal? | Affirmed Circuit court Ruling. |
| 6. | Date of ruling on appeal | June 22, 2007 |
| 7. | If there was a further appeal, what was the ruling ? | Denied. |
| 8. | Date of ruling on appeal | September 26, 2007 |

3. With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in **federal court**?     YES ( )   NO (X)

    A. If yes, give name of court, case title and case number:   N/A

    B. Did the court rule on your petition? If so, state

        (1) Ruling:   N/A

        (2) Date:   N/A

4. With respect to this conviction or sentence, are there legal proceedings pending in any court, other than this petition?     YES (X)          NO ( )

If yes, explain:  RELIEF FROM JUDGMENT PETITION PENDING IN CIRCUIT COURT OF COOK COUNTY.

4

Revised: 7/20/05

# PART III — PETITIONER'S CLAIMS

(A) Ground ONE: STATE CONVICTION
CAN NOT BE OBTAIN BY METHOD
THAT OFFENDS A SENSE OF JUSTICE.

THE PETITIONER A JUVENILE WAS
INCARCARATED IN A JUVENILE FACILITY
ON CASE NUMBER 91-CR-2145101 WITH
COURT APPOINTED COUNSEL.

WHILE INCARCARATED DETECTIVES
WILLIAM FOLEY AND MICHAEL CLANCY
FRAUDENTLY OBTAINED A COURT ORDER
CLAIMING THEY NEED THE PETITIONER
FOR A PHYSICAL LINE-UP. SEE
EXHIBIT 1.

THE STATE'S ATTORNEY OFFICE TYPED
THE COURT ORDER.

AFTER THE DETECTIVES FOLEY & CLANCY
PROCURED CUSTODY OF THE PETITIONER
THE DETECTIVES UNLAWFULLY INTERROGATED
AND QUESTIONED THE PETITIONER WITHOUT
COUNSEL. SEE EXHIBIT 2.

5

OBTAINED AN ILLEGAL STATEMENT
THE STATE'S ATTORNEY KNEW UNDER
THE CIRCUMSTANCES PETITIONER WAS
BEING INTERROGATED WAS IN
VIOLATING OF HIS STATE & FEDERAL
CONSTITUTIONAL RIGHTS.

NEVERTHELESS THE STATE ATTORNEY
PRESENTED PETITIONER'S ILLEGAL
OBTAINED STATEMENT TO A GRAND
JURY. SEE EXHIBIT 5.

THE PETITIONER WAS INDICTED FOR
FIRST DEGREE MURDER & ATTEMPT
ARMED ROBBERY.

TRIAL COURT SUPPRESSED PETITIONER'S
STATEMENT. PRIOR TO TRIAL. SEE
EXHIBIT 7.

PETITIONER WAS TAKEN TO TRIAL UPON
SAID MENTIONED INDICTMENT & SUBSEQUENT
LY CONVICTED OF FIRST DEGREE
MURDER & ATTEMPTED ARMED ROBBERY.
During TRIAL A STATE WITNESS TESTIFIED
to Illegally Obtained Evidence HER
STATEMENT SEE EXHIBIT 10.

5 (A)

THE STATE'S ATTORNEY WHO
RECORDED THE PETITIONER'S
STATEMENT COMMITTED SUICIDE
IN 2010 AFTER A FEDERAL
INVESTIGATION WAS LAUNCH INTO
THE ROLE OF EX-PROSECUTOR AT
THE FELONY REVIEW UNIT AT AREA
2 & 3 PRECINCTS. SEE EXHIBIT 14.

(B) GROUND TWO: INEFFECTIVE ASSISTANCE
OF TRIAL COUNSEL

TRIAL COUNSEL FAILED TO FILE A
MOTION TO DISMISS CHARGES/INDICTMENT
WITH PREJUDICE. TRIAL COUNSEL KNEW
POLICE LIED TO JUDGE BASTONE to
GAIN CUSTODY OF JUVENILE PETITIONER
INTERROGATED & QUESTIONED PETITIONER
WITHOUT COUNSEL.

OBTAINED AN ILLEGAL STATEMENT
FROM PETITIONER. THE STATE'S ATTORNEY
USES TAINTED EVIDENCE PETITIONER'S
STATEMENT TO INDICTMENT OF PETITIONER
FOR MURDER, ETC. DURING PRE-TRIAL
MOTIONS STATE'S ATTORNEY DENIED INVOLVEMENT.
SEE EXHIBIT 5

(C) GROUND THREE: INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

PRIOR TO TRIAL TRIAL COUNSEL SUBPOENA MENTAL HEALTH RECORDS OF A STATE'S WITNESS. SEE EXHIBIT 8. TRIAL COUNSEL WAS INFORMED BY TRIAL JUDGE THAT A LETTER FROM SOCIAL SECURITY WAS FAXED TO TRIAL JUDGE STATING: THAT THE MENTAL HEALTH RECORDS <u>WOULD NOT BE AVAILABLE</u> FOR AS MUCH AS 60 DAYS. SEE EXHIBITS 9 & 12.

TRIAL COUNSEL PROCEEDED TO TRIAL <u>WITHOUT WAITING</u> 60 DAYS FOR THE AVAILABILITY OF THE MENTAL HEALTH RECORDS. THE RECORDS REVEALED STATE'S WITNESS HALLUCINATION. SEE EXHIBITS 16 & 17; AND 12.

THE RECORD REFLECTS THAT THE TRIAL COURT WOULD HAVE "ALLOWED" CROSS-EXAMINATION REGARDING WITNESS MENTAL HEALTH HAD TRIAL COUNSEL INFORMED THE COURT, "BEFORE IT

5 (C)

Ruling," that SSA Records
Revealed State's Witness
Hallucination. Trial Counsel Failed
to Obtain Mental Health Records
of a State's Witness Prior to
Trial

(D) Ground Four: Ineffective Assitance
of Appellate Counsel

Appellate Counsel Failure to
Raise Ineffective Assistance of
Trial Counsel on Direct Appeal.
Trial Court Prohibit Trial Counsel
from from Cross-Examination of
State's Witnesse Regarding
Mental Because Trial Counsel
"Failed" to Informed the Court,
Before His Ruling, that SSA
Records Revealed State's
Witness Hallucination

2. Have All grounds Raised In This
Petition Been Presented to The Highest
Court Jurisdiction? Yes

6

(E) Ground Five: Ineffective
Assistance of Appellate Counsel

Appellate Counsel Failed to
Raise On Direct Appeal Prosecutor's
Prejudicial & Inflammatory Argument

The Prosecutor Made Remarks
Unsupported By The Evidence,
Stating That The Offender Told
The Deceased to Give Him Her
Gold Chain, Contrary to Testimony
That The Offender Mumbled
Something The Eyewitness Could
Understand.

6 (A)

## PART IV – REPRESENTATION

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A)   At preliminary hearing _____ UNKNOWN _____

(B)   At arraignment and plea _____ UNKNOWN _____

(C)   At trial _____ JEAN KERIGODT _____

(D)   At sentencing _____ JEAN KERIGODT _____

(E)   On appeal _____ THOMAS FINEGAN _____

(F)   In any post-conviction proceeding _____ GWENdoLETTE WARd BROWN _____

(G)   Other (state): _____ NONE _____

## PART V – FUTURE SENTENCE

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES ( )   NO (X)

Name and location of the court which imposed the sentence: _____ N/A _____

Date and length of sentence to be served in the future _____ N/A _____

WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: 9-10-12
(Date)

_____
Signature of attorney (if any)

**I declare under penalty of perjury that the foregoing is true and correct.**

_____
(Signature of petitioner)

K-65650
(I.D. Number)

MENArd, Ill 62259
(Address)

7

Revised: 7/20/05

Jul 11, 2012   0:41 PM

# EXHIBITS

1. COURT ORDER TYPED BY STATE's ATTORNEY OFFICE DATED: AUGUST 6, 1992

2. ERICA FRAZIER STATEMENT. DATED: AUGUST 13, 1992

3. TRANSCRIPTS OF JUDGE BASTONE EXPLAINING WHY HE SIGNED COURT ORDER DATED: AUGUST 17, 1992

4. TRANSCRIPTS OF GRAND JURY PROCEEDING DATED: SEPTEMBER 1, 1992

5. TRANSCRIPTS OF STATE's ATTORNEY ARGUMENT AT MOTION TO SUPPRESS STATEMENT DENYING INVOLUEMENT DATED: SEPTEMBER 5, 1992

6. TRANSCRIPTS OF DEFENSE COUNSEL AT MOTION TO SUPPRESS STATEMENT "PROVING STATE's ATTORNEY INVOLUEMENT" DATED: SEPTEMBER 5, 1992

7. TRANSCRIPTS OF TRIAL COURT'S SUPPRESSING PETITIONER'S STATEMENTS DATED: SEPTEMBER 5, 1997

8. DEFENSE COUNSEL SUBPOENAING MENTAL HEALTH RECORDS OF ERICA FRAZIER DATED: DECEMBER 4, 1997

9. LETTER FROM SOCIAL SECURITY OFFICE DATED: FEBRUARY 2, 1998

10. TRIAL COURT READING A NUGATORY INDICTMENT TO SWORN IN JURY DATED: JANUARY 4, 1998

11. ERICA FRAZIER TRIAL TESTIMONY DATED: FEBRUARY , 1998

12. APPELLATE COURT OPINION 2003

13 TRIAL COUNSEL TESTIMONY DURING EVIDENTIARY HEARING PAGES BB57 DATED: AUGUST 26, 2009

14 FEDS INVESTIGATE JON BURGE'S DETECTIVES, EX-COOK COUNTY PROSECUTORS: DATED JULY 14, 2011.

15 APPELLATE COURT OPINION 2011.

16 ERICA FRAZIER MENTAL HEALTH RECORDS.

17 LETTER FROM SOCIAL SECURITY OFFICE DATED: FEBRUARY 13, 1998

STATE OF ILLINOIS)
                 )  SS.
COUNTY OF C O O.K)

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS    )
                                   )
                vs.                )    No.91-21451
                                   )
                                   )
         JOHNNIE PLUMMER

*FILED*
*DAVID*
*AD. ASST.*

## ORDER

IT IS HEREBY ORDER that JOHNNIE PLUMMER cc#91-21451 be released from the custody of the Cook County Juvenile Detention Facility into the custody of Detectives Foley star#20450 and Clancy star#20395 of the Chicago Police Department Area 3 Violent Crimes on August 13, 1992, for the purpose of conducting criminal investigation unrelated to the pending criminal case. Detectives Foley and Clancy will return JOHNNIE PLUMMER within 24 hours into the custody of the Cook County Juvenile Detention Facility. Detectives Foley and Clancy will not question JOHNNIE PLUMMER regarding his pending criminal case.

                                     E
                                     N
                                     T
                                     E
                                     R:  _R Bealm_
                                     _____
                                     Judge of the Circuit Court
                                          of Cook County

DATED: _Aug 06, 1992_

1584

## STATEMENT OF

Erica Frazier

Taken August 13, 1992 At 11:20 p.m.

At Area 3 Violent Crimes

Present ASA Mike Rogers

Detective Terry O'Conner

This statement taken regarding the Shooting

of Perrijean East which occurred on June 17, 1991

at 6258 S. Halstead at 12:30 a.m.

I understand I have the right to remain silent and that anything I say can be used against me in a court of law. I understand that I have the right to talk to a lawyer and have him present with me during questioning, and if I cannot afford to hire a lawyer one will be appointed by the court to represent me before any questioning. Understanding these rights, I wish to give a statement.

After indicating that she understood that Mike Rogers is an Assistant State's Attorney a lawyer and Prosecutor and not her lawyer Erica Frazier agreed to give the following statement which is a summary and not word for word.

Erica Frazier is 21 years old, her birthdate is December 4, 1970 and she can read and write english.

On June 16, 1991 at about 9:00 p.m Erica Frazier and her friend Patrice Fitzpatrick were with Malcolm Sharkey and smokey who is named Johnny Plummer. Erica and Patrice were going to go home, but Smokey and Malcolm Sharkey

Erica Frazier Mike Ro. A.S.A

Jan 19, 2011   9:10 AM

asked them to wait. Malcolm and Smokey told Erica and Patrice that they would walk the girls home after they got off working security far a drug dealer at 59th & Union.

While Erica and Patrice waited, Smokey showed them a revolver that UK Smokey & Malcolm had hidden, for security job. Malcolm and Smokey got off "work," they started walking Erica and Patrice home down Halstead street.

While Erica and Patrice waited, Malcolm and Smokey told Patrice and Erica talked about robbing "BDs" a rival gang members who would be driving on Halstead street. The two of them agreed that if they caught anyone at a stop light they would rob them and take their chains. They said they wanted "bone" chains which are Herringbone style gold chains.

Smokey and Malcolm got off work. Smokey and Malcolm walked Erica and Patrice up Halstead street from 59th to 62nd. It was around 11:15 p.m. when Patrice and Erica left Malcolm and Smokey at 62nd & Halstead. Erica and Patrice walked home.

The next morning on June 17, 1991

Erica Frazier
D.T. Clomos                    Mike Ryan AST

Malcolm Sharkey came over to Erica's house. It was around 11:30 in the morning when Malcolm came over. Erica and Malcolm talked in her room. Malcolm said "guess what happened last night. After we left you Smokey tried to rob a lady and she rolled the window up on him. Then Smokey shot her." Erica told Malcolm "that's my cousin who got shot." EF MR Malcolm Erica was playing with Malcolm. Malcolm said for real and MR EF EF hung around for a while, although EF Erica and Malcolm did not discuss the shooting any more.

A couple of days later Malcolm and Smokey came over to Erica's house. Erica told Smokey "I'm calling the police you killed my cousin the other day." Smokey said "that's your cousin for real" Smokey looked scared. He said he was sorry. Then Erica said she just playing. Erica dropped the subject.

When Erica learned who the victim was she decided to come foreward and tell the police what she knew. Since she has been at the police station Erica has been treated well by the police and ASA Rogers. Erica Frazier has reviewed this statement and states

Erica Frazier
D.T. T. Olano                    mike Rogers  ASA

Jan 19, 2011    9:10 AM

That it is a truthfull account of what she told the police and ASA Rogers. Erica Frazier hasn't received any threats or promises in exchange for making this statement.

Erica Frazier

Mike Rogers ASA

Det. T. Clemmons

STATE OF ILLINOIS )
                  ) SS:
COUNTY OF C O O K )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT-CRIMINAL DIVISION

THE PEOPLE OF THE       )
STATE OF ILLINOIS,      )
                        )
        versus          )     Case No. 92-20236-01
                        )
JOHNNIE PLUMMER.        )

BE IT REMEMBERED that this cause came on for

hearing on the 17th day of August, 1992, before

the Honorable ROBERT BASTONE, Judge of said court.

        PRESENT:

        HON. RICHARD A. DEVINE,
            State's Attorney of Cook County, by
        MR. MATTHEW MAHONEY,
            Assistant State's Attorney,
            appeared on behalf of the People,


        MS. RITA FRY,
            Public Defender of Cook County, by
        MR. TONY EBEN,
            Assistant Public Defender,
            appeared on behalf of the Defendant.

Patrice Ann Houlf
Official Court Reporter
1500 Maybrook Square, Room 237
Maywood, Illinois 60152
708)865-6160

B       1

THE CLERK:  Johnny Plummer.

THE COURT:  Are you Johnny Plummer?

MR. PLUMMER:  Yes.

THE COURT:  It looks like you have been charged with the offense of first degree murder at 6258 South Halsted.  And you're in court today for preliminary hearing.

Have you hired an attorney, Mr. Plummer?

MR. PLUMMER:  No.

THE COURT:  This is Mr. Eben next to you. He's a lawyer from the Public Defender's Office. Since he represents you on another matter, he'll act as your lawyer today on this charge.

Matt, are you ready for hearing today?

MR. MAHONEY:  No, we are seeking a continuance.

THE COURT:  What's the status of the other matter?  Is that still in 66?

MR. EBEN:  That other case is pending in front of Judge Gaughan.  I don't know what date it is, but it may be in the next two weeks.  The case has been pending in front of Judge Gaughan for some time.

THE COURT:  It has?

```
 1              MR. EBEN:  Yes.

 2              THE COURT:  We'll set this matter down

 3    Motion State for preliminary hearing.

 4              September 2nd okay with you, Tony?

 5              MR. EBEN:  Sure.

 6              THE COURT:  A Wednesday.  Set it down

 7    Motion State hearing for September the 2nd.

 8              Bond was set by Judge Bowie at no bond,

 9    which means that Mr. Plummer cannot make bond in

10    this murder charge until we have his hearing here on

11    September 2nd at 12:00.

12              I imagine there is something you want to

13    say about this.

14              MR. EBEN:  I would like to say this, Your

15    Honor, I have been representing John Plummer for a

16    long time.  The case has been pending in Judge

17    Gaughan's many months, probably a year.

18              My understanding is that the police

19    department came in before Your Honor on August 6th,

20    1992, to have an order signed requiring that Johnny

21    be released to their control on August 13th, 1992.

22              I have tendered this order to you, and

23    I'll tender it to you again, if you need to peruse

24    it.
```

1    I happened to be in Branch 66 on the 6th.
2    I was not aware any police officers were approaching
3    the Court regarding this matter. Certainly, the
4    State knows I'm involved in the case and our office
5    is involved in the case.
6        I have absolutely no information that from
7    August 6th until the 13th anyone ever contacted us
8    about the subsequent investigation or the purpose
9    for which John was being taken out.
10       Your Honor, as you well know, many of us
11   from our office will indicate in closing remarks to
12   you regarding any individual defendant that we
13   request that no police officer speak to our client
14   about cases which are pending at this time or any
15   other investigation.
16       It concerned me greatly on that particular
17   days these officers came in to you with an order I
18   never received a copy of it until I got one from the
19   Audy Home this morning and obtained release of this
20   young man, who has been told time after time after
21   time not to talk to the police department about this
22   case or any pending case.
23       THE COURT: Are you indicating there was a
24   statement made?'

```
 1          MR. EBEN:  My belief at this time there
 2    may have been a statement.
 3          THE COURT:  I apologize because in all
 4    honesty I did not recognize his name when I signed
 5    the order.  It was indicated to me he was in custody
 6    at a juvenile facility, not he was in custody on an
 7    adult matter that was pending.
 8          And I signed this order because the
 9    officers told me he would go to Area 3 for lineup
10    purposes.  Even though it says for purpose of
11    conducting a criminal investigation, I signed the
12    order.
13          It was in the morning before 66 began.  I
14    had no idea it was about a murder and that he was in
15    custody on another murder.  If I had known that, I
16    would have waited until 12:00.  In the future I'll
17    make sure I do.
18          MR. EBEN:  May I also say at this time
19    it's Johnnie's desire that he not speak to any
20    police officers about any of these cases which are
21    pending at this time.  Is that correct?
22          MR. PLUMMER:  Yes.
23          MR. EBEN:  And I would also ask, Your
24    Honor, the order specifically say Detectives Foley
```

```
 1   and Clancy from Area 3 are not to attempt to contact
 2   any client any further about the cases for which
 3   he's now charged or any further investigations.
 4           THE COURT:  I'm not sure I can order them
 5   specifically.  I am ordering the State's Attorney's
 6   Office to be made aware the Detectives Division,
 7   including those two detectives.
 8           Now Mr. Plummer is charged with two
 9   matters, and you are his attorney of record.  They
10   should not speak to him since he's indicating he
11   does not wish to speak to these officers until they
12   contact you first.
13           Make sure you do that, Matt.
14           MR. MAHONEY:  Yes.
15           MR. EBEN:  I file my appearance.
16           THE COURT:  Leave granted to file your
17   appearance today.
18           MR. EBEN:  And my client demands trial.
19           THE COURT:  Demand for trial.
20                       (WHICH WERE ALL THE PROCEEDINGS
21                        HAD IN THE ABOVE-ENTITLED CAUSE
22                        ON SAID DATE.)
23
24
```

1RE:   PEOPLE VS JOHNNIE PLUMMER, G.J. #1111

1

ARR. DATE:  9-25-92

92 CR 20236

BEFORE THE GRAND JURY OF COOK COUNTY,

AUGUST, 1992.


Transcript of the testimony taken in the above-entitled matter before the Grand Jury of Cook County on the 1st day of September, 1992.


PRESENT:  MR. MATT MAHONEY,
          ASSISTANT STATE'S ATTORNEY.

REPORTED BY:  BARBARA JOY MASI, CSR.
              OFFICIAL COURT REPORTER.


LIST OF WITNESSES:                    PAGE NO:

DET. CLANCY                                2

MR. MAHONEY: Matt Mahoney, ladies and gentlemen of the Grand Jury, I'm Assistant State's Attorney Matt Mahoney of the Homicide Sex Unit. We are seeking true bill of indictment against Johnnie Plummer for the offenses of murder, attempt armed robbery, vehicular invasion and armed violence committed against PerriJean East on or about June 17, 1991, near 6258 South Halsted in Chicago, Cook County, Illinois.

The Grand Jury number is August 1111.

The Grand Jury has the right to subpoena and question any person against whom the State's Attorney is seeking a bill of indictment, or any other person, and to obtain and examine any documents or transcripts relevant to the matter being prosecuted by the State's Attorney.

DET. CLANCY,

called as a witness, having been first duly sworn, was examined and testified as follows, to-wit:

EXAMINATION BY:

MR. MAHONEY:

MR. MAHONEY: State your name and spell your last name and give your star and unit of assignment.

A    Michael Clancy, star 20395, area 3 Violent Crimes.

A-2

Q      Detective, have you been previously sworn?

A      Yes, I have.

Q      Were you assigned to investigate the murder and attempt armed robbery committed by Johnnie Plummer against PerriJean East on or about June 17, 1991?

A      Yes, I was.

Q      Did your investigation show that PerriJean East was alive prior to 12:30 A.M. on June 17, 1991?

A      Yes, that's correct.

Q      And did your investigation show that PerriJean East was in the area of 6258 South Halsted at 12:30 A.M. on June 17, 1991?

A      Yes, it does.

Q      Did your investigation show that the defendant, Johnnie Plummer, was also present at that time?

A      Yes.

Q      Did your investigation show that the defendant was armed with a gun?

A      Yes.

Q      The victim was unarmed?

A      Yes.

Q      The defendant shot the victim?

A      Yes, that's correct.

A-3

Q     The medical examiner's office determined that PerriJean East died as a result of gun shot wounds to te head?

A     Yes.

Q     The victim died on June 17,1991?

A     Yes, that's correct.

Q     Did your investigation show that the defendant, with the intent to commit armed robbery, took a substantial step towards the commission of the offense of armed robbery by pointing a gun at PerriJean East's head and saying give me the chain?

A     That's correct.

Q     Did your investigation show that the defendant, by force, and without lawful justification reached into the interior of a motor vehicle while that motor vehicle was occupied by PerriJean East with the intent to commit armed robbery therein?

A     That's correct.

Q     Did your investigation show that the defendant admitted these offenses to police and Assistant State's Attorney?

A     Yes.

A-4